Graves, J.:
Complainants were trading as a firm under the name of Case & Donley, and defendant made to Case an assignment, absolute in form, of two primary school land certificates. They now allege that McCabe was indebted to the firm on open account and was also indebted to Case; that he wanted complainants to assist him by advances, and it was thereupon agreed that they should do so up to the 7th of July, 1865, and that he should assign the certificates to Case as security for what was owing to him and to the firm, and for such advances as should be made, with the interest to July 7th; that said assignments were made pursuant to such agreement, and complainants made some advances, and such as were asked for prior to July 7th; that at that time an accounting and adjustment were had, and defendant paid the preceding indebtedness and for the advances; that he thereupon desired further accommodation by way of advances, and proposed that complainants should afford them, and hold the assigned certificates as security; that complainants acceded, and the assignments were thereupon redelivered with the certificates, and held on the footing of security for such further advances as should be made pursuant to the arrangement; that on the faith of such security complainants went on and advanced to defendant, and on the 24th of October, 1868, the amount was ascertained on an accounting between the parties to be ninety dollars and seventy-seven cents, for which defendant’s due-bill was taken, carrying interest at ten per cent.; that on the first of January, 1869, another accounting was had, when it was ascertained that additional advances, made since the last accounting, amounted to twenty-nine dollars and fifty-three, cents, and for which also defendant’s due-bill was taken, upon interest at ten per cent.; that after said last accounting further advances were made amounting to twenty-five dollars, and that said advances and '^interest remain unpaid, and that there is due and unpaid the principal sums mentioned in the due-bills, with the interest, and the further sum of about *98 twenty-five dollars and interest, for advances subsequent to the due-bills. Complainants ask that the true amount due on such security may be ascertained, and payment thereof decreed, and that in default of payment, the interest and right of defendant may be sold to satisfy the demand and costs, and his equity be barred, and any balance upon the sale be paid to the person entitled.
The defendant answered and admitted the first transaction, but denied the second. Proofs were taken, and the court on final hearing dismissed the bill, and complainants appealed. 'The case is submitted here upon a brief by complainant’s ■counsel, there being no appearance on the part of defendant. We are not aware of the ground of dismissal.
No principle of equity or rule of law, so far as we see, is in complainant’s way, and the facts appear to us sufficient to sustain the bill. A discussion of the evidence is not called for.
The claim by the bill is for the principal and interest called for by the two due-bills, and for about twenty-five dollars for later advances and interest thereon. The evidence sustains the claim for the amount of the due-bills and interest, and it should be allowed. The amount of later advances is shown to be eighteen dollars and eighty-six cents, and is made up of sums of different dates. Five years’ interest on that sum appears a fair allowance, computed, at seven per cent.
The decree below should be reversed, and the cause remanded, with instructions to enter the proper decree of foreclosure and sale, giving, however, the defendant a reasonable time to make payment, and requiring complainants to reassign in case payment is made. Complainants will recover their costs of both courts.
The other justices concurred.